UNITED STATES DISTRICT COURT    SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
May 08, 2020
David J. Bradley, Clerk

Sportsplex of Houston, Inc., §
§
Plaintiff, §
§
versus §   Civil Action H-20-1596
§
The City of Houston, *et al.*, §
§
Defendants. §

## Preliminary Injunction

1. On May 8, 2020, the court heard the request of Sportsplex of Houston, Inc., for temporary restraint. Sportsplex and the City of Houston participated.

2. On the evening of May 1, 2020, the City of Houston got a call from a citizen about softball teams playing on fields run by Sportsplex. It has thirty-seven acres devoted to several types of outdoor fields for sand volleyball and softball. It had adopted comprehensive safety and precautionary measures in response to the virus.

   An officer or two went to Sportsplex. Several softball games were occupied by players. The officer reported what he saw: a building of offices, not open to the public. On one side of the building was a snack bar. The City sent nearly forty policemen and a handful of inspectors from the Fire Department.

   Whoever was in charge decided that the snack bar was complying with the rules. Then they talked to the owner. After they told him he could be jailed and fined for operating the business, he agreed to close. Some

officers went into the crowd and gave them the same choice – leave or be jailed and fined.

The customers left with a clear view of a cluster of policemen hanging around – some without masks and more with no separation among themselves.

3. This court finds sufficient evidence of the elements necessary for temporary restraint: (a) Sportsplex is likely to succeed on the merits of its claims; (b) it is likely to suffer irreparable harm without preliminary relief; (c) the balance of equities between the parties supports an injunction; and (d) the restraint does not intrude on public interest.

4. On the day of the City's raid by a few dozen of its police officers, Executive Order GA-18 offended the Constitutional restrictions requiring crime specification and a process to contest an arrest. No warrants were involved.

These defects were casually recognizable by the City and its lawyers. Governor Greg Abbott did and was quick to correct it by eliminating time in jail as a punishment. On May 5, GA-18 was superceded by GA-21; on May 7, both were amended by GA-22. Because its process was clearly defective, the City knew – as was its duty – to evaluate the order independently. It made no effort to review it or to advise its emergency officers of its weakness – that it could not threaten them with jail.

Only the City is before the court because it failed its officers and citizens, and once its enforcement of Executive Order GA-18 was contested, it ratified its officers' acts. The fire and police departments are merely segments of its administrator.

5. The City must:

   A. Not maintain a physical presence at Sportsplex or be within fifty yards of it for longer than fifteen minutes unless it has probable cause to investigate specific criminal activity.

   B. Produce all documents and communications relating to investigations of Sportsplex from April 1, 2020, through May 8, 2020, by May 30, 2020.

   C. Produce a privilege log and articulate the legal basis for privileges it asserts for all documents withheld by May 30, 2020.

6. This preliminary restraining order is effective immediately and continues in force until ordered by this court.

7. The clerk will issue a writ of injunction.

8. The parties must appear to show cause why a permanent injunction should not be granted on:

   June 26, 2020,
   at 11:00 a.m., in
   Courtroom 11-C, Eleventh Floor
   United States Court House
   515 Rusk Avenue
   Houston, Texas 77002.

Signed on May 8, 2020, at Houston, Texas.

Lynn N. Hughes
United States District Judge